# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Kendrick Braswell,** | ) Civil Action No. 2:12-2677-RMG-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| **Asset Management & Consulting Services, Inc., d/b/a Palmetto Point Apartments, Inc.,** | ) |
| Defendant. | ) |

This action has been filed by the Plaintiff asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981, as well as a state law public policy claim. Plaintiff was originally represented by counsel; however, by Order filed January 7, 2013 counsel was relieved from further representation of the Plaintiff in this case. Plaintiff failed to retain new counsel, and is therefore now proceeding in this matter pro se.

The Defendant filed a motion to compel on April 2, 2013, stating therein that it had served interrogatories on the Plaintiff, but that Plaintiff had failed to file any response or respond to correspondence that had been sent to him asking for a response. Plaintiff failed to file any response to the Defendant's motion, and by Order filed April 23, 2013 Plaintiff was ordered to submit proper responses to the Defendant's discovery requests within ten (10) days of the date of that Order. Plaintiff was further specifically placed on notice in that Order that a failure to comply could result in the dismissal of his case. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub



1

nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning]; see also Chandler Leasing Corp. v. Lopez, 669 F.2d 929 (4th Cir. 1982).

Thereafter, on May 10, 2013, the Defendant filed a motion for sanctions, to include dismissal, stating therein that the Defendant had still not received any discovery responses from the Plaintiff, nor had Plaintiff advised whether he intended to comply with the Court's Order. As the Defendant's motion seeks, inter alia, dismissal of this case, a Roseboro Order was entered by the Court on May 13, 2013 advising Plaintiff of the importance of a disposive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, his case could be dismissed. However, notwithstanding the specific warning and instructions as set forth in the Court's Roseboro Order, Plaintiff has failed to file any response to the Defendant's motion for sanctions and/or dismissal of this case.

Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action. Further, Rule 41(b), Fed.R.Civ.P., clearly authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has



2

developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp., 669 F.2d 9at 920; Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

The record in this case shows that Plaintiff has failed to respond to the Defendant's discovery requests and has failed to prosecute his case in accordance with instructions set forth by the Court in scheduling and other orders, despite being specifically warned that his failure to comply with those orders and with discovery in this case could result in dismissal.[1] Hence, the degree of personal responsibility of the Plaintiff has manifest. The docket and filings in this case further clearly set out a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff. Therefore, Plaintiff meets the first and third prongs of the Fourth Circuit's four prong test.

Additionally, while the Plaintiff has engaged in the conduct described herein, the continuation of this action for now over eight months has caused the Defendant to incur continuing costs and expenses associated with this lawsuit, while Plaintiff's failure to cooperate in discovery has prejudiced the Defendant's ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the Plaintiff's failure to comply with that court order. See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].

3



prong test.

As for the fourth prong of the Fourth Circuit's four prong test, the record in this file shows that Plaintiff has failed to respond to notices and filings received from the Defendant, has failed to provide proper responses to discovery requests, and has failed to respond to court orders. While the undersigned is mindful of the fact that the Plaintiff is proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. also Ballard, 882 F.2d at 95-96 Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Here, Plaintiff was specifically warned by the Court that his failure to properly respond to Court orders and discovery requests could result in dismissal of his case. Cf. Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]. Despite these instructions and warnings, Plaintiff has failed to cooperate with the Defendant in discovery, failed to comply with court orders, and has in fact failed to even contact the Court since the withdrawal of his counsel, notwithstanding the numerous motions and orders that have been filed since that time. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]; see also Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Finally, defense counsel represents as an officer of the Court that Plaintiff contacted counsel's office on March 26, 2013 and advised that he no longer wished to pursue this lawsuit.



Counsel represents that she informed Plaintiff that he would need to contact the Court in that regard. Plaintiff has filed nothing with the Court to contest this representation by defense counsel. Therefore, the undersigned finds that dismissal is the appropriate remedy in this case.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss as an appropriate sanction in this case be **granted**, and that this case be dismissed with prejudice. Rule 41(b), Fed.R.Civ.P. In light of this recommendation, Defendant's request for an award of costs and attorney's fees should be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 2, 2013
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

